UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                            CASE NO: 8:08-CR-218-T-27MSS

JULIUS ROSS
_____/

## ORDER

On August 5, 2008, an evidentiary hearing was conducted on Defendant's Motion to Suppress (Dkt. 16) and the Government's response in opposition (Dkt. 19). The Court's findings and conclusions announced at the conclusion of the hearing are incorporated herein. Upon consideration, Defendant's Motion to Suppress (Dkt. 16) is DENIED. Law enforcement had probable cause to search the automobile in the possession and control of Defendant on May 2, 2008. Exigent circumstances existed justifying the warrantless search.

A known confidential informant, proven to have been reliable in the past, provided information to law enforcement on two occasions, April 25, 2008 and May 2, 2008, that Defendant, a known convicted felon with a history of a violent confrontation with law enforcement, was in possession of firearms at a public park. On April 25, 2008, the informant observed two firearms, a long gun and a hand gun, both wrapped in blankets, in a white Mercury Marquis Defendant was driving. The informant provided a description of the vehicle, including its tag number to law enforcement. Officers responded to the park but were informed by the informant that Defendant had gone home. Officers observed the vehicle described by the informant at the home of Defendant's mother. They ran the tag, learning that the vehicle was registered to Defendant's mother at that

address. No search was conducted at that time. Law enforcement determined that Defendant's prior record included a conviction for battery on a law enforcement officer with violence, based on a fight during which Defendant attempted to rip an officer's gun holster from the officer. A bolo was issued placing law enforcement on alert.

On May 2, 2008, the informant again notified law enforcement that Defendant was in possession of firearms at the same park and that he had observed a "long gun" in the same vehicle, wrapped in a blanket in the rear seat area. The informant and Defendant had discussed the gun as well. Officers immediately responded to the park and observed the Defendant sitting in and walking around the vehicle. Blankets were observed in the rear seat area of the vehicle, corroborating what the informant told law enforcement. A large crowd was at the park and in its pavilion, including children. The officers, believing that Defendant was in possession of firearms, detained and secured him. Upon being approached, Defendant was seen dropping or tossing keys on the ground, which the officers recovered. Defendant admitted that the keys were to the vehicle (the white Mercury Marquis). At this time, based on probable cause that the vehicle contained firearms, the officers searched the back seat area, finding no firearms. In the trunk, two firearms, a SKS 47 assault rifle, and a shotgun in a brown case, were observed. The trunk was shut and the vehicle towed to the police station, where it was searched, during which the officers seized the assault rifle, a magazine with multiple rounds, and the shotgun.

An officer can conduct a warrantless search of a vehicle if probable cause exists to believe that the vehicle contains contraband or other evidence subject to seizure and there exists exigent circumstances which necessitate a warrantless search or seizure. *United States v. Forker*, 928 F.2d 365, 368-69 (11th Cir. 1991); *United States v. Tamari*, 454 F.3d 1259 (11th Cir. 2006) (where

vehicle is operational and under the "totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found'" in the vehicle, a warrantless search will not violate the Fourth Amendment.); *United States v. Birdsong*, 982 F.2d 481, 483 (11th Cir. 1993), *cert. denied*, 508 U.S. 980 (1993).

Where, as here, officers receive information that an individual is armed in a public area, "[t]his fact raise[s] the stakes for the officers involved because they not only ha[ve] to worry about their own personal safety, but that of the . . . bystanders who were also present." *United States v. Gibson*, 64 F.3d 617, 624-25 (11th Cir. 1995), *cert. denied*, 517 U.S. 1173 (1996). Reasonable suspicion for an investigatory detention exists under those circumstances, based on a "reasonably prudent man" believing that his safety and that of others is in danger." *Id.*

This Court finds that the brief investigatory detention of Defendant, and the accompanying right of the officers to conduct a search of defendant for weapons for their safety, was lawful. The officer's right to search for weapons for their safety and that of bystanders extended to the nearby vehicle in Defendant's custody and control. Moreover, where, as here, a defendant matching the description of one who committed an offense almost immediately prior to being detained, is observed standing next to a vehicle for which he has the keys and in which he had been observed with a firearm, and the defendant admits the vehicle is his, probable cause exists justifying a warrantless search of the vehicle. *See United States v. Tamari*, 454 F.3d 1259, 1261-62 (11th Cir. 2006)

**DONE AND ORDERED** in Tampa, Florida this 6th day of August, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record